# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **TIMOTHY JOHNSON** | * | **CIVIL ACTION NO. 17-1162** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **EVANGELINE BOYLES, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and Standing Order 3.111, the above-captioned matter has been referred to the undersigned magistrate judge for review, report and recommendation. For reasons that follow, it is recommended that plaintiff's complaint be dismissed, without prejudice, for lack of subject matter jurisdiction. It is further recommended that plaintiff's letter-motion for preliminary injunction [doc. # 5] be DENIED.

## Background

On September 13, 2017, plaintiff pro se Timothy Johnson, who is proceeding *in forma pauperis* in this matter, commenced the instant proceeding in federal court against Evangeline Boyles, Jennifer McVay, Deanna Futch, and Toni Henderson. [doc. # 1]. In his form pleading entitled, "Complaint and Request for Injunction," Johnson alleges that he had a "durable medical power of attorney" in effect for his mother, Carolyn Johnson, that authorized him to make medical decisions on her behalf. (Compl. & Attachments). According to Johnson, however, when his sister transferred his mother to Princeton Place Nursing Facility, someone at the nursing home falsified a power of attorney that superseded Johnson's power of attorney and caused it to be revoked. *Id*. Johnson does not seek monetary damages; he only wants his power of attorney

to be restored and any other power of attorney removed. *Id*.

Plaintiff checked the box on the form complaint for subject matter jurisdiction on the basis of federal question, 28 U.S.C. § 1331 and explained that the "District Court showed no evidence of the other relative [sic] power of attorney that would be binding over mines [sic]." *Id*.

On October 17, 2017, the undersigned reviewed the complaint and discerned no colorable federal question on the face of plaintiff's complaint. (Oct. 17, 2017, Order [doc. # 4]). Accordingly, the undersigned accorded plaintiff 14 days in which to amend his complaint to identify the federal laws or statutes that entitled him to relief. *Id*. The court also directed plaintiff to allege precisely how and when each defendant transgressed the applicable federal law. *Id*. The court cautioned plaintiff that if he failed to so comply, then his case may be dismissed for lack of subject matter jurisdiction. *Id*.

On October 24, 2017, plaintiff submitted a letter-motion whereby he represented that he tried to file an "Application for Injunction (General Form)" at the Lincoln Parish courthouse, but was advised by the clerk's office that the application appeared to be a federal form that needed to be sent to Shreveport. [doc. # 5]. Plaintiff attached to his letter a copy of his Application for Injunction, on which he checked the box indicating that the application arose under the "Human Rights Act 1998." *Id*. He stated on the form that he wanted an injunction-order requiring the named defendants to send Carolyn Johnson to "LSU/University" in Shreveport "to get check [sic] out because she does not need feeding." *Id*. He also asked for an injunction-order prohibiting defendants from meeting with one family member, but not permitting plaintiff to participate in decision-making about Carolyn Johnson on the (apparently incorrect) basis that plaintiff does not have a power of attorney." *Id*.

2

**Analysis**

Before reaching the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431, 127 S.Ct. 1184, 1191 (2007); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction). This practice ensures that a court without jurisdiction does not end up "prematurely dismissing a case with prejudice." *See In Re: Fema Trailer Formaldehyde Products Liability Litigation (Mississippi Plaintiffs), In Re: Fema Trailer Formaldehyde Products Liability Litigation (Alabama Plaintiffs)*, 668 F.3d 281 (5th Cir. 2012) (citation omitted). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). A court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id*.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

The two most common ways to invoke federal subject matter jurisdiction are via federal question and diversity. 28 U.S.C. §§ 1331 & 1332. In the case *sub judice*, the complaint does

not contain requisite allegations to establish diversity jurisdiction, 28 U.S.C. § 1332. For purposes of diversity, "[a]ll plaintiffs must be diverse in citizenship from all defendants . . ." and the parties' citizenship must be "*distinctly* and *affirmatively* alleged." *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990); *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). Moreover, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332.

Here, all parties appear to reside in Louisiana. (Compl.). Moreover, plaintiff does not seek any monetary damages, or otherwise establish that his requested injunctive relief exceeds the jurisdictional minimum. Accordingly, diversity jurisdiction does not appear on the face of the complaint.

The court also does not discern a colorable federal question on the face of plaintiff's complaint. "[F]ederal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998) (citations omitted). Section 1331 jurisdiction is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 126 S.Ct. 1235 (2006). A district court should dismiss the case where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Venable v. Louisiana Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir.2013). Those circumstances are present here.

Despite the court's having accorded plaintiff the opportunity to amend his complaint to identify a federal provision that entitled him to relief, he failed to do so. Instead, plaintiff

4

submitted a completed "Application for Injunction" form that he apparently found online,[1] and which referenced the "Human Rights Act 1998." By all accounts, however, the "Human Rights Act 1998" is an Act of Parliament of the United Kingdom,[2] and therefore, has no force or effect in the sovereign United States of America. *See* Decl. of Independence, July 4, 1776.

In sum, as the record now stands, the court is constrained to find that it lacks subject matter jurisdiction to maintain this action. Furthermore, in the absence of subject matter jurisdiction, the court cannot grant a preliminary injunction. *See Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 229 (5th Cir.2017).[3]

## Conclusion

In the absence of any apparent basis for subject matter jurisdiction, dismissal is required. Fed.R.Civ.P. 12(h)(3). Accordingly,

IT IS RECOMMENDED that the above-captioned complaint be DISMISSED, without prejudice, for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).

IT IS FURTHER RECOMMENDED that plaintiff's letter-motion for preliminary injunction [doc. # 5] be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have

---

[1] *See* https://formfinder.hmctsformfinder.justice.gov.uk/n16a-eng.pdf (Last visited on 11/28/2017).

[2] *See* https://www.legislation.gov.uk/ukpga/1998/42/contents (Last visited on 11/28/2017).

[3] In addition, plaintiff's statement in his complaint that the "District Court showed no evidence of the other relative power of attorney that would be binding over mines," suggests that he intends to collaterally attack a state court ruling or judgment. Federal courts, however, lack jurisdiction to entertain collateral attacks on state judgments. *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir.1994).

**fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 28th day of November 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE